**INTERSTATE MEDIA, INC.,**
**Plaintiff–Appellant,**

v.

**CARSDIRECT.COM, Defendant–**
**Appellee.**

No. 02–36111.

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 2004.*

Decided July 15, 2004.

G. Patrick Hagestad, Esq., Milodragovich Dale & Dye, PC, Missoula, MT, for Plaintiff–Appellant.

Robert C. Lukes, Esq., Garlington Lohn & Robinson, PLLP, Missoula, MT, for Defendant–Appellee.

Before: PREGERSON, THOMPSON, and CALLAHAN, Circuit Judges.

MEMORANDUM **

We review de novo orders granting summary judgment. *Cusano v. Klein*, 264 F.3d 936, 945 n. 3 (9th Cir.2001). We may affirm such a judgment on any ground supported by the record, regardless of whether the district court relied upon it. *Sicor Ltd. v. Cetus Corp.*, 51 F.3d 848, 860 n. 17 (9th Cir.1995).

The district court based the portion of the summary judgment challenged by the

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

plaintiff on Montana law, which permits recovery for unjust enrichment only where no contract exists between the parties. *See Maxted v. Barrett,* 198 Mont. 81, 87, 643 P.2d 1161, 1164 (1982). Plaintiff faults the district court's logic, pointing out that the defendant's advertisements remained displayed after the contract between the parties expired; ergo, during the pertinent time in question, no contract between the parties existed.

Assuming, without deciding, that the district court's reasoning is flawed in this regard, a vital issue is whether the defendant's alleged enrichment was unjust or somehow secured by misconduct. *See Brown v. Thornton,* 150 Mont. 150, 156, 432 P.2d 386, 390 (1967); Restatement (First) of Restitution § 1 cmt. c, and § 2 cmt. a (1937). The misconduct attributed to the defendant boils down to its failure to pay the costs of removing the ads immediately upon the plaintiff's demand. The contract did not require the defendant to pay such costs by a particular deadline or on demand, nor did it require the defendant to prepay such costs before the contract expired. Plaintiff cites no other authority, moral or legal, that would impose an obligation on the defendant to pay the costs—without question, or without requesting additional bids—at any point before the defendant undisputedly paid the costs.

In conclusion, we affirm the summary judgment because there is no genuine issue of material fact to support the plaintiff's claim of *unjust* enrichment. Since the plaintiff did not file a notice of appeal from the subsequent award of attorney fees, we lack jurisdiction to review that order, and dismiss the plaintiff's appeal to the extent that it challenges that order.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

*See Leslie v. Grupo ICA,* 198 F.3d 1152, 1160 (9th Cir.1999).

AFFIRMED in part, and DISMISSED in part.